NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESSEX COUNTY, NEW JERSEY,<br><br>Defendants. | Civ. Action No. 09-2772 (KSH)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on defendant Essex County's motion to dismiss. The action stems from Yvette Beshier's ("Beshier") grievance filed with the Equal Employment Opportunity Commission ("EEOC") in which she alleged that defendant discriminated against her during her employment with the Essex County Department of Corrections ("Essex County DOC") on the basis of her Islamic religion. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the EEOC investigated the charge, unsuccessfully attempted to assist the parties in voluntarily reaching a resolution, and then referred the matter to the United States Department of Justice. Plaintiff United States thereafter filed the present lawsuit on Beshier's behalf.

The Court's federal question jurisdiction is undisputed and proper pursuant to 28 U.S.C. § 1331. Venue is also undisputed, and is proper in this Court pursuant to 28 U.S.C. § 1391(e)(2).

## II.     BESHIER'S FACTUAL ALLEGATIONS

The complaint alleges that Beshier's former employer, the Essex County DOC, discriminated against her "on the basis of her religion, Islam" by:

>  (a) failing or refusing to provide Ms. Beshier with a reasonable accommodation of her religious observance, practice, and/or belief (*i.e.*, wearing a Muslim headscarf) that precludes her from complying with a portion of the uniform policy for corrections officers at the Essex County Department of Corrections [];
> (b) suspending Ms. Beshier because she could not comply with a portion of the Essex County DOC's uniform policy for corrections officers due to her religious observance, practice and/or belief;
> (c) terminating Ms. Beshier because she could not comply with a portion of the Essex County DOC's uniform policy for corrections officers due to her religious observance, practice and/or belief; and
> (d) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment against Ms. Beshier.

(Compl. ¶ 5.)

According to the complaint, Beshier initiated proceedings in response to the alleged discrimination:

> [She] filed a timely charge with the United States Equal Employment Commission ("EEOC") (Charge No. 524-2007-01067) in which she alleged that the Essex County DOC discriminated against her in employment because of her religion.  Pursuant to Section 706 of Title VII, the EEOC investigated the charge, found reasonable cause to believe that Ms. Beshier's allegations of discrimination were true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge, and subsequently referred the matter to the Department of Justice.

(*Id.* ¶ 6.)

On June 8, 2009, the United States filed a complaint on behalf of Beshier with this Court. [D.E. 1.]

### III. DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) permits courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering the motion, the district court judge is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The standard is "not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 312 (3d Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds).

The pleading standard has been heightened through decisions of the U. S. Supreme Court, beginning with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and further refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the latter, the Supreme Court emphasized the distinction between factual contentions and legal conclusions, and cautioned against accepting as sufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Interpreting *Iqbal*, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), the Third Circuit wrote that the task of the district court is to apply a two-prong test:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210-11 (citations omitted).

While the refined pleading standard arguably imposes a higher burden upon a plaintiff, a judge nonetheless may not grant a motion "merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009). In other words, the plausibility standard remains the litmus test at the motion to dismiss stage.

Title VII requires an employer to "reasonably accommodate" the religious observances, beliefs, and practices of its employees. 42 U.S.C. § 2000e. To state a claim under the statute, a plaintiff must allege that she is a member of a protected class, or engaged in a protected activity, and that she suffered an adverse employment decision that gives rise to an inference of discrimination. *Johnson v. St. Luke's Hosp.*, 307 Fed. App'x. 670, 671-72 (3d Cir. 2009) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)).

Beshier alleges that she is a practicing Muslim and that defendant discriminated against her on the basis of her religion. The complaint presents the circumstances leading to the present lawsuit: (1) she would not comply with the Essex County DOC's uniform policy because the policy did not allow her to wear a headscarf; and (2) she was suspended, and then terminated for not complying. Beshier's complaint satisfies the threshold established by *Twombly* and *Iqbal*, because there are factual contentions that set forth a "plausible claim for relief." *Fowler*, 578 F.3d at 211.

Essex County's brief in support of its motion to dismiss begins with this point heading: "The Complaint Should Be Dismissed for Failure to State a Claim for Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure (12) (b) (6)." The brief goes on to summarize what the Rule says and sets out related case law. Without discussing the allegations in the complaint, this section ends as follows:

4

> As set forth at length below, even when considering all of the allegations in favor of Plaintiff, the Complaint fails to state a cognizable claim for which relief can be granted and must be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(6).

(Br. 9.) The brief fails to support this position other than through this conclusory statement.

Then in the two remaining sections, the brief makes arguments on the merits of the claim as opposed to examining whether the complaint adequately states a claim. First, Essex County argues that its uniform policy was reasonable and that it had legitimate reasons, namely security concerns, for denying Beshier a special accommodation so that she could wear her headscarf. (*Id.* 20.) Defendant's second argument is that Beshier's suspension and termination were justified because her noncompliance with the uniform policy constituted "insubordination." (*Id.* at 25.)

Essex County is talking about the merits of its defenses when its burden on the motion to dismiss is to show why, under any set of facts, Beshier could not be granted relief. The legal arguments in the moving brief do not touch the core issue, which is whether or not this complaint asserts a cognizable claim. The Court easily finds that it does.

## IV.    CONCLUSION

Essex County's motion is denied. An appropriate order will be entered.


/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

Date: February 16, 2010